AO245B   Judgment in a Criminal Case (Rev. 06/05)
         Sheet 1

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 0 8 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# United States District Court
## Western District of Louisiana
### Shreveport Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | Case Number: 5:06CR50074-01 |
| CHRISTOPHER WILFORK | USM Number: 13123-035 |
| | BETTY MARAK |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): ONE AND TWO of the Bill of Information
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count Number(s) | Date Offense Concluded |
|---|---|---|---|
| 18 U.S.C. §1341 | Mail Fraud | 1 | 8/29/05 |
| 18 U.S.C. §1028A | Aggravated Identity Theft | 2 | 8/29/05 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___.

[✓] Count(s) the remaining counts of the Indictment  [ ] is  [✓] are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in the defendant's economic circumstances.

March 1, 2007
Date of Imposition of Judgment

_____
Signature of Judicial Officer

DONALD E. WALTER, United States District Judge
Name & Title of Judicial Officer

3/8/07
Date

AO245B   Judgement in a Criminal Case (Rev. 06/05)
    Sheet 2 — Imprisonment

Judgment - Page 2 of 6

DEFENDANT: CHRISTOPHER WILFORK
CASE NUMBER: 5:06CR50074-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months as to court 1. As to count 2 the defendant is hereby sentenced to the custody of the United States Bureau of Prison for a term of 24 months, with said term to run consecutively to the sentence in Count 1.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
      [ ] at ___ [] a.m.  [] p.m.  on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

___

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO245B Judgment in a Criminal Case (Rev. 06/05)
Sheet 3 — Supervised Release

Case 5:06-cr-50074-DEW-MLH   Document 191   Filed 03/08/07   Page 3 of 5 PageID #: 525

Judgment - Page 3 of 6

DEFENDANT: CHRISTOPHER WILFORK
CASE NUMBER: 5:06CR50074-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years as to count 1 and 1 year as to count 2. The said counts are to run concurrently.

## MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

8. [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

10. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHRISTOPHER WILFORK
CASE NUMBER: 5:06CR50074-01

## SPECIAL CONDITIONS OF SUPERVISION (SP)

The defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide the U. S. Probation Office with all requested financial documentation, including all household income.

As noted in the Plea Agreement, the Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned over to the Clerk of Court and applied toward any outstanding balance, with regard to special assessment and restitution.

In the event restitution is not paid prior to the commencement of supervised release, the defendant shall make monthly payments, jointly and severally with his co-defendants, at a rate of no less than 10% of the defendant's gross monthly income. Restitution shall be paid to the U. S. District Clerk of Court for disbursal to the victim in this matter, and payment shall begin within 30 days of the defendant's release from imprisonment.

The defendant shall participate in a substance abuse treatment program, as directed by the U. S Probation Office, to include antabuse and drug surveillance, if indicated and/or inpatient treatment.

AO245B Judgment in a Criminal Case (Rev.06/05)
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: CHRISTOPHER WILFORK
CASE NUMBER: 5:06CR50074-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 25,026.73 |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| USAA Federal Savings Bank<br>c/o Bank Investigations<br>10750 McDermott Freeway<br>San Antonio, TX 78288<br>Re: Christopher Alexander Wilfork |  | $25,026.73 |  |
| TOTALS: | $_ | $ $25,026.73 |  |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [✓] The interest requirement is waived for the    [✓] fine    [✓] restitution.

   [ ] The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.